UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LARRY SENG IN,<br><br>  Defendant. | Case No. 2:20-cr-00095-ART-BNW<br><br>ORDER |

Before the Court is the Government's Motion to Reconsider Order Granting Defendant's Motion to Suppress. (ECF No. 99.) Because the Government fails to present any basis for reconsideration, the Court denies the Motion.

**I.   BACKGROUND**

The Court refers to its Order for the facts relevant to the Government's Motion. (ECF No. 96 at 1–5.)

The Government argues in its Motion that the Court clearly erred in finding that In was subjected to de facto arrest. Specifically, the Government asserts that the Court clearly erred in finding that In was "completely cooperative" and that his hands were restrained when he was asked about his criminal history and the gun in the car. In particular, the Government focuses on the following three sentences:

> While In did give several false or incorrect answers, which merits some weight, the context of those answers matters, specifically the sequence and manner of questioning. It was only after In's hands were restrained behind his back by Officer Diaz that In was asked about his criminal history and about the gun in the car. The first time that In gave a clearly false answer, which was when Officer Andersen asked, "You have no weapons in your car?" and In responded, "no," was at almost the precise moment that the handcuffs were being ratcheted. (Diaz Bodycam at 1:44–1:46.)

(ECF No. 99 at 6 (citing Order, ECF No. 96 at 11).) The Government argues that In "lied twice before his hands were restrained in anyway and three times before

1

he was put in handcuffs." (ECF No. 99 at 6.) The Government further contends that it was reasonable for officers to handcuff In because he "repeatedly lied about having a gun in his car." (*Id.*)

## II. DISCUSSION

The Government seeks reconsideration claiming that this Court clearly erred in making certain factual findings about In's arrest.

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). "Rather, the district court's authority to revisit a ruling on a suppression motion is within its sound judicial discretion." *Id.* (internal quotation marks and citation omitted). Because there is no governing rule on reconsideration of criminal orders, courts look for guidance to the standard governing motions for reconsideration in civil cases. *See, e.g., United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). In civil cases, a motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LR 59-1(a) (listing the same grounds for reconsideration). Without presenting any newly discovered evidence, manifest injustice, or intervening change in the law, the Government asserts that this court clearly erred in its factual findings.

The Government's Motion centers on two factual issues, whether In was restrained and when he lied to police. The Government focuses on In's negative

responses to three questions: (1) In was asked by Officer Diaz, "Do you have any weapons on you?"; (2) In was asked by Officer Andersen, "Do you have any weapons in the car?"; and (3) In was asked again by Officer Andersen some twenty seconds later, "You have no weapons in your car?" The Government argues that all three of In's negative answers were lies; that In's first and second answers were made "before his hands were restrained in any way"; and the third answer was "before he was put in handcuffs." (ECF No. 99 at 6.)

Regarding In's answer to the first question by Officer Diaz, the Government misrepresents the record in two respects. First, In was restrained. Officer Diaz was standing directly behind In, holding his hands behind his back, when he asked In, "Do you have any weapons on you?" So, the Government's statement that In "was not restrained in any way" when Officer Diaz asked the question is false and clearly refuted by the record. (ECF No. 99 at 6.) As detailed in the Order, "Officer Diaz opened the car door, grabbed In's left hand, and unbuckled In's seatbelt" and "In assisted Officer Diaz and exited the car with his hands behind his back" while "Officer Diaz held onto In's hands throughout." (ECF No. 96 at 2.) Second, In's "no" answer was not a lie. Nothing in the record indicates that In was armed. On cross-examination at the evidentiary hearing, Officer Diaz was asked, "You don't find any weapons on [In]?" and Officer Diaz answered "Correct." (ECF No. 52 at 75.) Although In's hands were already restrained behind his back, Officer Diaz responded, "Perfect. Put your palms together." (ECF No. 96 at 2.)

About one second later, Officer Andersen asked In, from the passenger side of his car, "Do you have any weapons in the car?" and he answered "no." (Diaz Bodycam at 1:26.) While his answer was false, the rapid-fire nature of the two questions, by two different officers, in quick succession, coupled with Officer Andersen's position on the other side of the car, detracts from the clarity and significance of In's denial.

When Officer Andersen repeated the question twenty seconds later, In's

3

1  answer was clear and clearly false. At that point, Officer Andersen was standing
2  next to In on the driver's side of his car. In was already handcuffed and Officer
3  Andersen had been interrogating him about his criminal history, as detailed in
4  the Order. (ECF No. 96 at 2–3.) She then asked, "You have no weapons in your
5  car?" and In, facing her, answered "no." This time the question and answer were
6  clear. The Court did not err in finding that "The first time that In gave a clearly
7  false answer, which was when Officer Andersen asked, 'You have no weapons in
8  your car?' And In responded, 'no,' was at almost the precise moment that the
9  handcuffs were being ratcheted." (ECF No. 96 at 11.) The record supports this
10 factual finding.

11      The Court also did not err in finding that In's hands were restrained behind
12 his back throughout the entirety of his questioning outside the car. The
13 Government's representation that In was "not being restrained in any way" when
14 Officer Andersen initially asked him about the gun in the car cannot be squared
15 with the record because Officer Diaz restrained In's hands behind his back from
16 the moment he exited the car. The Government's statement that In lied "three
17 times before he was put in handcuffs" (ECF No. 99 at 6) also lacks record support.
18 In was handcuffed at 6:19:55 p.m., before Officer Andersen repeated her
19 question. (ECF No. 96 at 2.) Immediately after she asked the question, the
20 handcuffs, which were already on In, made a ratcheting sound, indicating that
21 they were being tightened. (ECF No. 96 at 3.)

22      In's responses to Officer Andersen are not disputed and nothing about
23 those responses would change the analysis. The Court held the intrusive tactics
24 used on him were not justified under the circumstances. (ECF No. 96 at 14.) In
25 was the subject of a routine traffic stop absent any connection to a violent crime,
26 was completely compliant throughout the stop, and was unarmed. As the Court
27 stated in its Order, In was already restrained when asked if he had weapons in
28 his car, so "his restraint cannot be justified by his answers to the questions."

(ECF No. 96 at 11.) Finding no clear error, the Court declines to reconsider its Order.

### III. CONCLUSION

It is therefore ordered that Defendant's Motion for Reconsideration (ECF No. 99) is denied.

DATED THIS 20th day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE